| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

Amanda Culbertson, *et al.*, §
§
       Plaintiffs, §
§
*versus* § Civil Action H-12-3644
§
Pat Lykos, *et al.*, §
§
       Defendants. §

# Order on Attorney's Fees

1. In a 21-page complaint, Amanda Culbertson and Jorge Wong sued for alleged violations of their constitutional rights. They sought compensatory damages ranging from inconvenience to loss of enjoyment of life in addition to punitive damages and all manner of injunctive relief.

2. Their claims were dismissed under the Citizens Participation Act because – other manifest defects notwithstanding – they failed to show clear and specific evidence that they were fired as a direct consequence of an illegal act by Lykos, Palmer, or Harris County.

3. Because Culbertson and Wong brought baseless claims in an attempt to construct a case out of an administrative policy they did not like, they must pay the reasonable attorney's fees incurred in defending their suit. They may use legal action in their politics, but they are responsible for the consequences.

4. Culbertson and Wong say that Palmer did not incur any fees because her attorneys were paid by Harris County. This contention is illustrative of this case. Their narrow beggar-thy-neighbor view defies legal, political, and economic reality. The world has no free lunch, nor a free attorney – though Palmer herself did not pay, Harris County and ultimately its people did.

5. Wong and Culbertson also say that the fees claimed by Palmer are unreasonable because they are duplicitive of work done by Lykos's counsel. Culbertson and Wong sued two people and Harris county. They could have sued one person or none at all. It is unremarkable that a defendant would hire an attorney, much less that two defendants would each hire an attorney.

6. The decision to hire one, several, or no attorneys is Palmer's alone. Having been so audacious as to hire an attorney, she was entitled to zealous representation – not gap filling behind Lykos or the county's work. Even if part of a larger suit, a defense must stand alone. Palmer decides how to defend the claims against her, what arguments to make, what motions to file – even if coextensive with other defendants.

7. Some duplication is inevitable. If Palmer were to appeal, she would be restricted to the record created by her counsel, not by Lykos or the county's work. Palmer must defend herself, not rely on Lykos or the county to do so. Wong and Culbertson may not complain that in defending their suit Palmer was not as reliant on Lykos and the county as they would have liked.

8. Calculating attorney's fees is not an audit, but it is a rough approximation of the fair-market value of reasonable work performed. It is inherently imprecise. Wong and Culbertson say that redactions and block billing make it impossible to determine the precise number of hours expended and the particular tasks performed. That is not the standard. Wong and Culbertson have shown nothing to suggest that the fees claimed by Palmer are unreasonable for the nature of the case, the work required of the counsel, and the cost of counsel in this market.

9. Culbertson, Wong, and the court directly observed Palmer's lawyers in person and through their papers. Culbertson and Wong can point to nothing specifically that is objectionable. Rather, they request more detailed records in a vain attempt to find what would have been apparent – a specific objection to the fees.

10. Rachel Palmer takes, jointly and severally, $82,101.00 in reasonable attorney's fees from Amanda Culbertson and Jorge Wong.

Signed on November 20, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge