United States District Court
Southern District of Texas
**ENTERED**
September 04, 2020
David J. Bradley, Clerk

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| Amanda Culbertson, *et al.*, | § § § § § § § § § § | |
| Plaintiffs, | | |
| *versus* | | Civil Action H-12-3644 |
| Harris County, | | |
| Defendant. | | |

# Opinion on Summary Judgment

1. *Introduction.*

In 2011, Harris County hired DPS to service its breath alcohol testing vans, allowing its contract with Lone Star College to expire. Amanda Culbertson and Jorge Wong did the breath testing and instrument maintenance for Lone Star. When Harris County did not renew its contract with Lone Star they were laid off.

Culbertson and Wong sued Harris County, the District Attorney, an assistant District Attorney for their having been fired. They think that Harris County, the District Attorney, and the assistant District Attorney retaliated against them for their public criticism of the breath-alcohol testing vans.

This court dismissed their claims. During the appeal, the plaintiffs settled with the District Attorney. After remand, the plaintiffs dismissed the Assistant District Attorney. Harris County remains.

Culbertson and Wong do not have standing to pursue these claims against the County.

2. *Background.*
   A. *The City of Houston.*

In 2008, the Houston Police Department started using instrument vans to test breath-alcohol levels. Amanda Culbertson and Jorge Wong worked for the City as technical supervisors in its breath-alcohol testing laboratory. They administered the tests and maintained the instruments.

In 2009, Culbertson and Wong told their supervisors that high temperatures, electrical abnormalities, and misuse by the operators jeopardized the accuracy of the tests. They were told to continue using them.

### B.   *Lone Star College.*

Lone Star contracted with Harris County to supervise breath-alcohol testing for the Sheriff. The contract term was from October 1, 2010, through September 30, 2011. The City had renewed the contract each year for the last twenty years, though the term was only for one year at a time, renewable at the end of each term.

In March 2011, Wong resigned from HPD and began working for Lone Star College as a technical supervisor. In May, Culbertson also resigned and joined Wong at Lone Star.

Soon after resigning, Assistant District Attorney Rachel Palmer subpoenaed Culbertson to testify about a breath test she had administered while she worked for the City. Culbertson told Palmer that she would testify that the instrument was working on the day the defendant took the breath test. On the stand, she testified the opposite – that she could not verify that the instrument had been working during the test. The jury acquitted the defendant.

A few days later, Palmer e-mailed a technical supervisor at Lone Star to inform it that the District Attorney would no longer use Culbertson for its breath-alcohol cases because she could not be trusted to testify accurately.

In July 2011, Culbertson and Wong were subpoenaed by a defendant to testify. Culbertson testified that Wong and she both quit because they did not trust the reliability of the equipment in the vans. Wong did not testify, but in September 2011, he told the Houston *Chronicle* that his testimony would have mirrored Culbertson's.

Later in July, Lone Star asked the County to renew its contract; Culbertson and Wong insist that the parties reached an oral agreement to renew – the evidence shows that the parties talked about a potential agreement, but none was signed.

In August 2011, Culbertson and the District Attorney's office met twice to discuss its concerns about her testimony. Although Palmer had already investigated Culbertson's concerns about the van – concluding that nothing would cause the van to get a false positive – the District Attorney's office issued notices in two cases about the possibility of exculpatory evidence following each meeting out of caution. The District Attorney's office asked the DPS to investigate the problems. DPS also found Culbertson's complaints to be unfounded.

### C. *The Contract.*

On September 1, 2011, the District Attorney's office met with the DPS, the Sheriff, the procurement people for the County's Attorney, and the Harris County Judge's staff. The District Attorney's office recommended that the County contract with DPS, not Lone Star, for technical supervision of the breath-alcohol testing. The parties immediately began negotiating the contract.

The Commissioner's Court discussed contracting with DPS at their meeting on September 13. Three criminal defense lawyers spoke, all saying that by awarding the contract to the DPS and not Lone Star, the County was retaliating against Culbertson because of her negative testimony.

One of the four Commissioners, Steve Radack, said that he did not think that it was "a smart idea" for the District Attorney's office to continue using Lone Star when its technical supervisors "take an adversarial position to the prosecution of people that have been charged with DWI."

Radack asked a defense attorney if the Sheriff supported the contract being renewed with Lone Star rather than moving to the DPS. The attorney responded that he did. Radack asked for a letter from the Sheriff – who had representatives at the meeting – confirming that he wanted the contract to remain with Lone Star. No letter came.

On September 18, the Houston *Chronicle* published the first of two articles with information from Culbertson about the breath vans.

Sometime in September, the County and the DPS reached an agreement on the new contract. On October 1, the *Chronicle* published the second article. In it, Culbertson said that it was "easier to silence" her than it was to "fix the problem" with the vans. Three days later, the Commissioner's Court unanimously approved the DPS contract, allowing the Lone Star contract to lapse.

Without a contract to supervise the breath-alcohol testing, Lone Star had no need for technical supervisors. On October 31, Lone Star fired Culbertson and Wong. They sued.

### 3. *Standing.*

Culbertson and Wong must show that *they* have been injured by the County. They cannot.

Wong and Culbertson resigned from their jobs with the City and went to work for Lone Star. They were at-will employees, and their jobs were contingent on Lone Star's having the contract with the County to supervise the breath-alcohol testing.

That contract was for one year, ending September 30, 2011. When Lone Star's contract lapsed, Culbertson and Wong were no longer needed.

The County played no role in Lone Star having fired them. Their firings derive from the County choosing a different servicer for its contract – an indirect injury.[1] Culbertson and Wong having been injured by an adverse decision against their employer does not give them standing. If there was an injury from Lone Star not being awarded the contract, Lone Star suffered the injury, not its employees.

Culbertson and Wong were not employees of the County; they had no contract with the County. Their firings were a mere by-product of Lone Star having been underbid by the DPS. Because they have suffered no direct injury caused by the County, they do not have standing to bring retaliation claims against it.

4.   *The Evidence.*

Even if Culbertson and Wong had standing to bring their retaliation claim against the County, the they would still lose.

The County chose a new contractor to service its breath-alcohol testing. DPS offered them a better deal – they could provide more technicians and the ability to replace instruments at a lower price than Lone Star had offered. The decision was thoroughly vetted – it was discussed at a Commissioner's Court meeting where the public, state, and county officials could comment on the deal. Besides a comment from a defense attorney, no objection existed to the County making a better deal for the public than what they had. The commissioners unanimously approved the new contract.

There is no doubt that the District Attorney's office would be displeased by their technical witnesses testifying that their machines were unreliable. The State's DWI cases depend on the proof that it gets through breath-alcohol testing. Culbertson and Wong having testified and publicized unfounded accusations about the reliability of the vans jeopardizes the state's ability to prosecute DWI cases fairly. If DWI offenders cannot be prosecuted in a reliable way, the public is less safe.

The appellate court misstates the role of the District Attorney. The District Attorney is a state official whose jurisdiction is limited to the area of Harris County.

---

[1] Tomas Duran v. City of Corpus Christi, 240 Fed.Appx.639 (2007).

The position is created by the Texas Constitution and the salary is paid by the state.[2] Its job is to act on behalf of the state to prosecute crimes that arise in its specified county. It may work with the County, either through the Commissioner's Court or otherwise, to get the resources that it needs to do its job. One of its jobs is to prosecute DWI cases – to do so, it works with the County and the sheriff to ensure that it has the instruments and employees it needs to prosecute people who drive when they are intoxicated. The notion that the District Attorney should not use reliable witnesses or should not recommend a deal to the County that is in the best interest of the public is outrageous. There is no basis for concluding that the recommendation by the District Attorney or the vote by the Commissioner's Court to contract with DPS was based on anything other than a sound government proceeding.

5.  *Conclusion.*

In October 2011, Harris County made a deal with DPS to service its breath-alcohol testing. DPS offered the better deal – they could give county more technicians and the ability to replace the instruments for a lower price than Lone Star.

When Lone Star lost the contract, Culbertson and Wong lost their jobs. Lone Star was the party directly injured by the County choosing a new servicer. Culbertson and Wong have no standing to sue the County.

Culbertson and Wong will take nothing from Harris County.

Signed on September 4, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] Tx. Const. Art. 5 § 21; Tx. Gov't. Code Ann. § 41.013 (West 1985); Tx. Gov't. Code Ann. § 41.010 (West 1985).